UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR L. JORDAN, SR.,        :
        Plaintiff,             :
                               :
    v.                         :      CASE NO. 3:10cv1293(HBF)
                               :
JAMES MASTERSON, et al.,       :
        Defendants.            :

RULING ON PENDING MOTIONS

The plaintiff filed this action in August 2010. He named as defendants Deputy U.S. Marshal James Masterson, Task Force Officers Jerry Pinto and Robert Martin, Detectives Orlando Rivera and David McKnight, Sergeant Michael Ponzillo, Lieutenant Patrick Deely and Patrolmen Brian Distefano and Timothy Brown. Pending are the plaintiff's motions to cite in new parties, to compel and for extension of time to conduct discovery. For the reasons that follow, all three motions are denied.

I.  Motion to Cite in New Parties

The plaintiff seeks leave to amend his complaint to add as defendants the persons occupying the following positions on April 16, 2008: Mayor, Police Commissioner and Chief of Police for the city of Waterbury and Supervisor of the U.S. Marshal Violent Fugitive Task Force. The plaintiff alleges that these defendants failed to enforce proper training of their subordinate officers, agents or deputies and failed to ensure the safety, security and well-being of all individuals with whom their subordinate

officers, agents or deputies came into contact.

The plaintiff may amend his complaint once, as of right, until twenty-one days after the defendants respond to the complaint. Fed. R. Civ. P. 15(a)(1). The time to amend as of right has long passed. Defendants Masterson, Martin and Pinto ("the federal defendant") filed their answer on November 4, 2010, and defendants Brown, Deely, Distefano, McKnight, Ponzillo and Rivera ("the Waterbury defendants") filed their answer on November 29, 2010.

"Although leave to amend a pleading under the Federal Rules of Civil Procedure 'shall be freely given when justice so requires,' such leave will be denied when an amendment is offered in bad faith, would cause undue delay or prejudice, or would be futile." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

While motions to amend generally are considered under Rule 15(a), Fed. R. Civ. P., motions to add new parties are considered under Rule 21. See Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00 Civ. 7909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001). Under Rule 21, a new party may be added to an action "at any time, on just terms." When reviewing a request to add a party, the court applies the same standard used to review a request to amend under Rule 15. Soler v. G & U, Inc.. 86 F.R.D. 524, 528 (S.D.N.Y. 1980).

The most important factor in considering whether to allow amendment under Rule 15(a) is whether the opposing party would be prejudiced by the proposed amendment. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). This inquiry is "often intertwined" with the consideration of whether there was undue delay on the part of the movant as a long delay is more likely to be found prejudicial. Evans v. Syracuse City School Dist., 704 F.2d 44, 47 (2d Cir. 1983). Where a party seeks to add an additional claim, evaluation of prejudice requires the court to consider whether the new claim would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Unless the defendants demonstrate prejudice, a satisfactorily explained lengthy delay is insufficient to deny leave to amend. See Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (reviewing cases and holding that an eighteen month delay between filing of answer and motion for leave to file amended answer did not constitute undue delay absent a finding of undue prejudice to plaintiffs).

The plaintiff filed his complaint in August 2010. The initial scheduling order required that discovery be concluded by

April 11, 2011.  When the plaintiff was taken to court on a state matter and failed to appear for his deposition, the court extended the discovery deadline until June 30, 2011.  <u>See</u> Doc. #30.  On May 19, 2011, the court extended the dispositive motion deadline until July 31, 2011, and specified that the deadline would not be further extended.  <u>See</u> Doc. #31.  This proscription was repeated during a telephonic status conference on June 15, 2011.  <u>See</u> Doc. #34.

On June 27, 2011, three days before the close of discovery, the plaintiff filed his motion to add four John Doe defendants. The plaintiff did not explain why he waited so long to file his motion.  In response to the defendants' objections, the plaintiff now states that he could not file his motion sooner because he was waiting for responses to interrogatories.  The plaintiff acknowledged during the telephone conference that he did not serve his interrogatories until May 26, 2011, barely one month before the conclusion of discovery.  He does not explain why he waited so long to serve his interrogatories and does not indicate what information he sought that prevented him from filing his motion sooner.  The court finds disingenuous the plaintiff's assertion that he could not file his motion sooner because he was relying on receiving the defendants' responses "in a reasonable time."  <u>See</u> Pl.'s Reply, Doc. #38, at 2.

Both the federal and Waterbury defendants argue that they

will be prejudiced if the motion to add parties is granted. Adding new defendants will necessarily delay resolution of this case. The new defendants must be identified and served. The claims against them are entirely different from the claims that the existing defendants used excessive force in effecting the plaintiff's arrest and denied him medical attention. The existing claims all relate to one incident occurring on one day. The claims against the new defendants are not related to this incident. The plaintiff generally alleges that the new defendants failed to train the current defendants and did not protect the safety and security of persons like the plaintiff. The new claims relate to activities and practices that occurred prior to the plaintiff's arrest. Because the claims against the new defendants are different from the claims against the current defendants, the parties will need to expend significant resources conducting additional discovery and preparing for trial. This delay and increased expense demonstrates prejudice to the defendants.

Finally, the court concludes that amendment to add the new defendants would be futile. The plaintiff fails to provide the name of any proposed defendant. The plaintiff is proceeding <u>in forma pauperis</u> in this action and, therefore, is entitled to have service effected by the U.S. Marshal Service. The Marshal cannot effect service without the name and current work address of each

5

defendant. Providing this information is the responsibility of the plaintiff. Shirback v. Lantz, No. 3:06cv995(JCH), 2008 WL 878939, at *3 (D. Conn. Mar. 28, 2008). As there are no new defendants who can be served at this time, amendment would be futile.

Further, even if the plaintiff had provided the names of the proposed defendants, he has not stated a cognizable federal claim. The plaintiff states in his motion and reply that the John Does were negligent because they failed to train and supervise the named defendants and failed to take action to protect persons like himself.

The Waterbury defendants are sued pursuant to 42 U.S.C. § 1983, which governs suits against state actors for violation of federally protected rights. The federal defendants are sued under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a federal constitutional counterpart to section 1983. Claims of negligence are not cognizable under section 1983 or Bivens. See Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996) and Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (because Bivens action is nonstatutory federal counterpart of section 1983, courts looks to section 1983 cases for applicable law). Thus, as set forth in the motion to amend, the plaintiff has not asserted a cognizable claim against the John Doe

6

defendants.

In addition, there is a three-year limitations periods for filing actions under section 1983 and <u>Bivens</u>.  <u>See</u> <u>Walker v. Jastremski</u>, 430 F.3d 560, 562 (2d Cir. 2005) (<u>Bivens</u>); <u>Lounsbury v. Jeffries</u>, 25 F.3d 131, 133 (2d Cir. 1994) (section 1983).  The plaintiff was arrested on April 16, 2008.  He was aware of all of his claims at that time.  The limitations period expired on April 16, 2011.  The plaintiff did not file his motion to amend until June 27, 2011, over two months beyond the limitations period.  Thus, the claims against the John Doe defendants are untimely.

Rule 15(c)(1)(B) permits an amendment to relate back to the date of the original pleading if the amendment asserts a claim that arises out of the conduct set forth in the original pleading.  That provision is not applicable here.

The plaintiff's claims against the John Doe defendants, that they failed to train their subordinates and failed to ensure the safety and security of persons with whom their subordinates came into contact, are distinct from the claims of excessive force and denial of medical care included in the complaint.  All evidence relating to the claims against the John Doe defendants necessarily concerns events and decisions occurring long before the date of the plaintiff's arrest.  Thus, the claims would not relate back to the date of the complaint.

The defendants have demonstrated that resolution of this

matter will be delayed and they will suffer prejudice if the motion is granted. The court also has determined that amendment would be futile. For these reasons, the plaintiff's motion to add defendants is denied. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (motion to amend may be denied as futile if motion would not withstand motion to dismiss); Andrews v. City of Hartford Human Relations Com'n, No. 3:04CV1474(SRU), 2005 WL 2416106, at *6 (D. Conn. Sept. 30, 2005) (denying leave to add a defendants where claims would be time-barred).

## II. Motion for Order Compelling Disclosure and Discovery

The plaintiff has filed a motion to compel the federal defendants to respond to Interrogatory 6 because their objection is without merit.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. The plaintiff states only that he disagrees with the

federal defendants' objection to one interrogatory. He does not indicate that he made any attempts to resolve his dispute nor has he provided the required affidavit.

In addition, Rule 37(b)1 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits. The plaintiff has not complied with this requirement. Accordingly, the plaintiff's motion to compel is denied without prejudice.

III. Motion for Extension of Time for Discovery

Finally, the plaintiff seeks an extension of time to conduct discovery because he could not respond to the federal defendants' objection to one of his interrogatories.

The end of the discovery period precludes serving any additional discovery requests. It does not prevent the plaintiff from addressing one objection. The plaintiff's motion is denied.

IV. Conclusion

The plaintiffs' Motion to Cite in New Parties [**Doc. #35**] and Motion for Extension of Time for Discovery [**Doc. #40**] are **DENIED**. The plaintiff's Motion for Order Compelling Disclosure and Discovery [**Doc. #39**] is **DENIED** without prejudice.

**SO ORDERED** this 2nd day of August 2011, at Bridgeport, Connecticut.

                                                /s/

                                    Holly B. Fitzsimmons
                                    United States Magistrate Judge