UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR L. JORDAN, SR., :
    Plaintiff, :
     :
  v. : Case No. 3:10-cv-1293 (HBF)
     :
JAMES MASTERSON, et al., :
    Defendants. :

RECOMMENDED RULING:

MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. #43]

The plaintiff, currently confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this civil rights action pro se against local and federal law enforcement officials. The plaintiff claims that the defendants violated his constitutional rights to receive medical attention and to be free from use of excessive force. Defendants Lieutenant Patrick Deely, Sergeant Michael Ponzillo, Detective David McKnight, Detective Orlando Rivera, Officer Brian Distefano and Officer Timothy Brown,[1] all members of the Waterbury, Connecticut, Police Department ("the Waterbury defendants"), move for entry of summary judgment on plaintiff's claim for denial of medical care and, as to defendants McKnight, Distefano and Brown, on the claim for use of excessive force. For the reasons that follow, the motion for partial summary judgment is granted.

---

[1]The remaining defendants are James Masterson, Gerald Pinto and Robert Martin, members of the United States Marshals Service Violent Crimes Fugitive Task Force ("the federal defendants").

I.   <u>Standard of Review</u>

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law. <u>See</u> Rule 56(c), Fed. R. Civ. P.; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." <u>PepsiCo, Inc. v. Coca-Cola Co.</u>, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," <u>Anderson</u>, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 38 (2d Cir. 2000). Merely verifying the allegations of the complaint in an affidavit is insufficient to oppose a motion for summary judgment. <u>Zigmund v. Foster</u>, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. <u>Patterson v. County of Oneida, NY</u>, 375 F.3d 206, 218 (2d Cir. 2004). If

there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).  However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'"  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004) (quoting Anderson, 477 U.S. at 252)).

II.  Facts

On April 16, 2008, Lieutenant Patrick Deely, Sergeant Michael Ponzillo, Detective Orlando Rivera, Detective David McKnight, Officer Brian Distefano and Officer Timothy Brown were members of the Waterbury, Connecticut, Police Department and Deputy United States Marshal James Masterson, Sergeant Gerald Pinto and Detective Robert Martin ("the federal defendants") were members of the United States Marshals Service Violent Crimes Fugitive Task Force ("the Task Force").

The plaintiff was wanted by several Connecticut police departments on outstanding felony warrants.  The Task Force was charged with responsibility to apprehend the plaintiff.  In April 2008, Waterbury police officers and Task Force members learned that the plaintiff was staying at a residence in Waterbury.

3

In the early morning hours of April 16, 2008, the Waterbury and federal defendants went to that residence. Upon arrival, defendants McKnight, Distefano and Brown secured a perimeter around the residence. After the perimeter had been established, defendants Deely, Ponzillo and Rivera, along with the federal defendants, entered the residence. The plaintiff states that excessive force was used against him only in a bedroom of the residence. Defendants McKnight, Distefano and Brown never entered the residence.

In April 2008, all of the Waterbury defendants had been trained and certified as Medical Response Technicians. When the plaintiff arrived at the police department, defendant McKnight used a wet towel to wipe blood stains from the plaintiff's face. Defendant Rivera states that he applied gauze to a laceration on the plaintiff's head, but the plaintiff denies receiving this treatment. The following morning, the plaintiff was treated at St. Mary's Hospital in Waterbury for superficial injuries. Since then, the plaintiff continues to participate in strenuous physical workouts including lifting weights and floor exercises.

III. <u>Discussion</u>

The Waterbury defendants argue that there is no evidence that defendants McKnight, Distefano and Brown used excessive force against the plaintiff or were present when excessive force allegedly was used. In addition, they argue that they were not

deliberately indifferent to the plaintiff's serious medical needs and, even if the court finds that they were, they are entitled to qualified immunity on this claim.

A. <u>Excessive Force</u>

The plaintiff brings this action against the Waterbury defendants pursuant to 42 U.S.C. § 1983. To recover money damages[2] under section 1983, the plaintiff must show that each defendant was personally involved in the constitutional violation. <u>See</u> <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995).

The use of excessive force in effecting an arrest violates the Fourth Amendment's prohibition against unreasonable seizures. <u>See</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 96 (2d Cir. 2010) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989)). In addition, an officer who did not physically participate in the arrest may be liable for failure to intervene to prevent the use of excessive force by other officers. <u>See</u> <u>McLaurin v. Falcone</u>, No. 04-4849-CV, 2007 WL 247728, at *1 (2d Cir. Jan. 25, 2007) (citing <u>O'Neill v. Krzeminski</u>, 839 F.2d 9, 11 (2d Cir. 1988)). Thus, to survive summary judgment, the plaintiff must present evidence suggesting

---

[2]The plaintiff did not specify any relief in his complaint. In the Initial Review Order filed on September 9, 2010, the court, Hall, U.S.D.J., construed the complaint as seeking damages from the defendants in their individual capacities. <u>See</u> Doc. #4, at 1. Since then, the plaintiff has not amended his complaint to include a request for any other relief.

that defendants McKnight, Distefano and Brown either used excessive force against him or were present and failed to intervene to prevent the use of excessive force.

In his deposition, the plaintiff stated that excessive force was used against him only in the bedroom of the residence. See Doc. #43, Defs.' Mem. Ex. A at 45-62. Defendants McKnight, Distefano and Brown state in response to the plaintiff's interrogatories that they did not enter the residence. Their statements are supported by the interrogatory responses of all of the other defendants. In his Local Rule 56(a)2 Statement, the plaintiff refuses to admit that defendants McKnight, Distefano and Brown did not enter the residence, but concedes that he has no knowledge of any facts indicating that defendants McKnight, Distefano and Brown were present when excessive force allegedly was used. See Doc. #57, ¶ 12. Accordingly, the Waterbury defendants' motion for partial summary judgment is granted as to the excessive force claims against defendants McKnight, Distefano and Brown.

B. Denial of Medical Treatment

The Waterbury defendants argue that they did not unconstitutionally deny the plaintiff medical care because the plaintiff did not suffer a serious medical need.

"The Due Process Clause ... require[s] the responsible government or governmental agency to provide medical care to

persons ... who have been injured while being apprehended by the police." City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983). When considering the contours of such claims, the Supreme Court has directed courts to look to the standards applicable under the Eighth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 849-50 (1998).

To establish a claim for denial of medical care, the plaintiff must demonstrate that the defendant was "'deliberate[ly] indifference to [his] serious medical needs.'" Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This two-part test embodies both an objective and a subjective component. The physical condition of the plaintiff must be sufficiently serious, and the failure to render proper care must result from "a sufficiently culpable state of mind." Id. at 66 (citing, inter alia, Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Accord Smith v. Carpenter, 316 F.3d 178, 183–84 (2d Cir. 2003). An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Courts considering similar claims have held that bruises and

lacerations are not always serious medical needs.  See, e.g., Dawes v. Coughlin, 159 F.3d 1346, 1998 WL 513944, at *1 (2d Cir. 1998) (1.5" laceration on elbow not sufficiently serious to support Eighth Amendment claim); Dallio v. Hebert, 678 F. Supp. 2d 35, 60 (N.D.N.Y. 2009) (holding that black eyes, bruising, red spots, kick marks, and lacerations did not constitute a serious medical need); Rodriguez v. Mercado, No. 00 CIV. 8588 JSRFM, 2002 WL 1997885, at *3, 8 (S.D.N.Y. Aug. 28, 2002) (finding that bruises to plaintiff's head, back and wrists, accompanied by back pain and migraines but no loss of consciousness, did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment); Jesionowski v. Beck, 937 F. Supp. 95, 102-03 (D. Mass. 1996) (forehead laceration causing profuse bleeding and requiring sutures was not a serious medical need); but see, e.g., Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) ("[I]f prison official deliberately ignore the fact that a prisoner has a five-inch gash on his cheek that is becoming infected, the failure to provide appropriate treatment might well violate the Eighth Amendment."); Nelson v. Scoggy, 2009 WL 5216955, at *3 (N.D.N.Y. Dec. 30, 2009) (gaping and oozing wound that required repeated dressing changes and would not heal constitutes serious medical need).

    The Waterbury defendants, all certified Medical Response Technicians, argue that they did not identify any serious medical

8

need that required immediate medical attention.  The plaintiff was treated in the Emergency Room at St. Mary's Hospital on the morning of April 17, 2008, the day after his arrest.  The treatment report shows that CT scans of the head, face and cervical spine were negative, as were x-rays of the chest, abdomen and pelvis.  The plaintiff displayed no tenderness of the cervical spine.  He was diagnosed with contusions on his right jaw, the lumbar area of his spine and scalp and two scalp lacerations.  The lacerations were clean and superficial.  The first was treated with three staples, the second with two staples.  During the assessment, the plaintiff reported no pain, a level of 0/10.  See Doc. #43, Ex. L, at 4 & 10.  Although the plaintiff argues in opposition to the Waterbury defendants' motion that he underwent cranial surgery, the medical records indicate that the staples were applied in the emergency room under local anesthesia and that the plaintiff was released with care instructions for minor head injuries.

 The plaintiff was treated for two small superficial scalp lacerations and instructed to return if his condition worsened.  Although the plaintiff was incarcerated thereafter, he provides no evidence that his condition in fact worsened, that the lacerations became infected or that he sought treatment from prison medical staff.

 The plaintiff argues that the various tests he was given at

9

the hospital show that he had a serious medical need and that, as trained medical technicians, the defendants should have known that he needed immediate medical attention. The plaintiff provides no authority for these assumptions. Negative medical tests do not establish a serious medical need. Rather, negative test results demonstrate the absence of a serious medical need. See, e.g., Barclay v. Shearin, 86 Fed. Appx. 495, 496 (3d Cir. 2004) (holding that summary judgment was appropriate because inmate failed to establish serious medical need where test results were negative); Jones v. USA, No. 09-CV-0033, 2009 WL 5083401, at *7 (W.D. La. Dec. 23, 2009) ("Nor has he alleged a serious medical need, as the test results were negative for kidney problems."), appeal dismissed by Jones v. U.S. ex rel. Dep't of Justice, 412 Fed. Appx. 690 (5th Cir. 2011).

The court concludes that the plaintiff has not shown that he had a serious medical need. Thus, he fails to satisfy the objective component of the test for deliberate indifference to serious medical needs. The Waterbury defendants' motion for partial summary judgment is granted as to the claim regarding medical treatment.

IV. Conclusion

The Waterbury defendants' Motion for Partial Summary Judgment [**Doc. #43**] is **GRANTED**. The case will proceed on the excessive force claim against the federal defendants and

Waterbury defendants Deely, Ponzillo and Rivera.  The Clerk is directed to terminate defendants McKnight, Distefano and Brown as parties in this case.

Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order. Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED** this 27th day of December 2011, at Bridgeport, Connecticut.

                                             /s/
                                      HOLLY B. FITZSIMMONS
                                      UNITED STATES MAGISTRATE JUDGE